PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.

---

In the Matter of the Guardianship of BENJAMIN F. SHERMAN.

*Surrogate — jurisdiction of — decided on conflicting evidence.*

In a proceeding before a Surrogate's Court for the appointment of a guardian for an infant, where there is conflicting evidence before the court in regard to the residences of the infant and the guardian, the decision of the Surrogate's Court upon that question will not be reversed on appeal.

While the Surrogate's Court cannot acquire jurisdiction by the mere assertion thereof, yet when acting upon conflicting evidence it is required to settle the conflict, and if in so doing its determination is supported by any evidence, it must be sustained.

APPEAL by the petitioner, Susan A. Sherman, from an order made by the surrogate of the county of Saratoga, bearing date the 8th day of September, 1892, denying an application made upon an order and citation based upon the petition of said Susan A. Sherman, requiring Jesse O. Conde, as general guardian of the person and estate of Benjamin F. Sherman, an infant, to show cause why he should not be removed and why the letters of guardianship issued to him should not be revoked and set aside.

The petitioner alleges that she is the maternal grandmother of Benjamin F. Sherman, an infant of the age of about ten years; the death of the father and mother of the infant; the appointment of Jesse O. Conde as his guardian; charges that the appointment was made without notice to other relatives of the infant, and that at

the time of the appointment, the infant and his guardian were not residents of Saratoga county, but residents of the city of Boston; alleges that the infant's property consists of an annuity of about one thousand dollars ($1,000) created under the will of its father to be held in trust by a trustee appointed under said will.

The petition was presented to the surrogate of Saratoga county about the 20th of May, 1892. On that petition the surrogate issued a citation directed to Jesse O. Conde as general guardian requiring him to show cause why the letters should not be vacated. On the return of that citation the guardian appeared and answered, denying each and every allegation of the petition, except the allegation relating to his appointment and the allegation of the relationship of the persons therein stated to the infant. Accompanying said petition were various affidavits bearing upon the question of residence of the infant and of his guardian, which were used by and before the surrogate in his defense by the guardian and in opposition to the motion of the petitioner. The surrogate also, on the application of the petitioner, admitted on her behalf affidavits in support of her petition. The affidavits and petition on the part of the guardian tended to prove that the guardian at the time of the death of the mother of the infant, resided at Ballston Spa, in the county of Saratoga, and that he continued to reside there up to the time of his appointment, and that he was a resident of Saratoga county, and from the time of the death of the mother of the infant, the infant had resided with him, or been supported by him, at the guardian's own personal expense. And also that the infant had an interest in real estate situate in Saratoga county.

The affidavits also sought to explain the charge that he was a resident of the city of Boston, by showing that he was a traveling agent for a business house in Boston, and but temporarily residing there, and that his residence was at Saratoga, and that the infant resided with him, and, therefore, was a resident of Saratoga at the time of his appointment as guardian.

This allegation of fact appearing by the affidavit, was challenged, and sought to be overturned by several affidavits used by the petitioner on this motion.

It also appeared by the affidavits of the guardian, that he was the maternal uncle of the infant. There was some controversy before

the surrogate over the fitness of the petitioner, and also of the guardian to act as guardian for the infant.

The proof showed that the infant was strongly attached to the present guardian, and seemed to entertain a dislike for the petitioner, his grandmother; that the infant was tenderly and properly cared for by the guardian, who was of abundant means, and that the petitioner was without means, residing with her son.

On these proofs the surrogate made an order denying the motion to vacate and set aside the letters of guardianship.

*W. D. Veeder* and *John L. Henning*, for the appellant.

*J. S. L'Amoreaux*, for the respondent.

MAYHAM, P. J.:

It is insisted on the part of the petitioner, that the order of the surrogate appointing Jesse O. Conde, guardian, should be set aside on the ground that at the time of the making of the order appointing said guardian, he was ineligible on account of his residence, and that the surrogate had no jurisdiction of the infant upon the same ground.

Section 2822 of the Code of Civil Procedure gives the surrogate of the county in which an infant resides, or if he do not reside in the State, of the county in the State in which his property, real or personal, may be, jurisdiction to appoint a general guardian for the infant.

The question whether the infant and guardian were, or were not, residents of the county of Saratoga, was one to be determined by the surrogate to whom the application for the appointment of guardian was made. It was a question of fact, under the conflicting evidence in this case, whether the proposed Jesse O. Conde was a resident of the county of Saratoga or of the Commonwealth of Massachusetts.

That question of fact was determined by the surrogate in favor of the guardian, and there being some evidence before the surrogate to uphold that determination, this court, on appeal, should not reverse the decision of the surrogate on that ground.

While it is true that the assertion of jurisdiction by the surrogate in himself would not confer jurisdiction, yet, when acting upon conflicting evidence he is required to settle the conflict, and if in doing so, his determination is supported by any evidence, it must be sustained.

Assuming, therefore, that the surrogate had jurisdiction to issue

the letters of guardianship to Jesse O. Conde, there is no reason shown on this application for his removal. The whole evidence tends to show that he is a proper man to exercise the trust, and that he is exercising the same prudently and humanely, and for the best interest of his ward. We see no reason for reversing the decision and order of the surrogate from which this appeal is taken, and the order must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing disbursements.